# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILAGROS CADUSALE, | Case No. SACV 11-1837-JEM |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY AND REMANDING FOR FURTHER PROCEEDINGS |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

## PROCEEDINGS

On December 8, 2011, Milagros Cadusale ("Plaintiff") filed a Complaint seeking review of the decision by the Commissioner of the Social Security Administration ("Commissioner") denying her application for Social Security Disability Insurance benefits.  The Commissioner filed an Answer on March 8, 2012.  On May 17, 2012, the parties filed a Joint Stipulation ("JS").  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the undersigned Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be reversed and remanded for further proceedings in accordance with this Memorandum Opinion and Order and with law.

**BACKGROUND**

Plaintiff was born on March 22, 1950, and was 52 years old on her alleged disability onset date of July 20, 2002.  (AR 119.)  Plaintiff filed an application for Social Security Disability Insurance benefits on July 10, 2008 (AR 119-22), and claims she is disabled due to back and shoulder injuries.  (AR 147-48.)  Plaintiff has not engaged in substantial gainful activity since her alleged disability onset date of July 20, 2002.  (AR 11.)

Plaintiff's claim was denied initially on February 11, 2009 (AR 73-77), and upon reconsideration on April 27, 2009.  (AR 81-87.)  Plaintiff then filed a timely request for hearing on May 18, 2009.  (AR 88-89.)  Plaintiff appeared with counsel and testified at a hearing held on November 17, 2010, before Administrative Law Judge ("ALJ") Charles Stevenson.  (AR 56-70.)  The ALJ issued a decision denying benefits on December 3, 2010. (AR 9-14.)  The Appeals Council denied review on October 21, 2011.  (AR 1-4.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, there are three disputed issues:

(1) whether the ALJ properly evaluated the opinion of examining physician Dr. Ross;

(2) whether the ALJ properly determined Plaintiff could perform her past relevant work; and

(3) whether the ALJ properly assessed Plaintiff's credibility.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance."  Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a

1  reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S.

2  at 401 (internal quotation marks and citation omitted).

3      This Court must review the record as a whole and consider adverse as well as

4  supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

5  Where evidence is susceptible to more than one rational interpretation, the ALJ's decision

6  must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir.

7  1999). "However, a reviewing court must consider the entire record as a whole and may not

8  affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at

9  882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue,

10 495 F.3d 625, 630 (9th Cir. 2007).

11                                **THE SEQUENTIAL EVALUATION**

12      The Social Security Act defines disability as the "inability to engage in any substantial

13 gainful activity by reason of any medically determinable physical or mental impairment which

14 can be expected to result in death or . . . can be expected to last for a continuous period of

15 not less than 12 months." 42 U.S.C. §§ 423(d) (1)(A), 1382c(a)(3)(A). The Commissioner

16 has established a five-step sequential process to determine whether a claimant is disabled.

17 20 C.F.R. §§ 404.1520, 416.920.

18      The first step is to determine whether the claimant is presently engaging in substantial

19 gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is

20 engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert,

21 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a

22 severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is

23 not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at

24 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an

25 impairment listed, in the regulations at 20 C.F.R. Part 404, Subpart P, Appendix I. Id. If the

26 impediment meets or equals one of the listed impairments, the claimant is presumptively

27 disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the

28

1  impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249

2  F.3d 840, 844-45 (9th Cir. 2001).  Before making the step four determination, the ALJ first

3  must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e).

4  The RFC must account for all of the claimant's impairments, including those that are not

5  severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.  If the

6  claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ

7  proceeds to the fifth step and must determine whether the impairment prevents the claimant

8  from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th

9  Cir. 2000).

10      The claimant bears the burden of proving steps one through four, consistent with the

11  general rule that at all times the burden is on the claimant to establish his or her entitlement

12  to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the

13  claimant, the burden shifts to the Commissioner to show that the claimant may perform other

14  gainful activity.  Lounsbury v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a

15  finding that a claimant is not disabled at step five, the Commissioner must provide evidence

16  demonstrating that other work exists in significant numbers in the national economy that the

17  claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. §

18  416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and

19  entitled to benefits.  Id.

20                                    **THE ALJ'S DECISION**

21      In this case, the ALJ determined at step one that Plaintiff had not engaged in

22  substantial gainful activity from her alleged disability onset date of July 20, 2002, through her

23  date last insured of March 31, 2009.  (AR 11.)

24

25

26          [1] Residual functional capacity ("RFC") is what one "can still do despite [his or her]
27  limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R.
    §§ 404.1545(a)(1), 416.945(a)(1).

28

1    At step two, the ALJ determined that Plaintiff suffers from the severe impairments of

2  bilateral rotator cuff tear and lumbar degenerative disc disease.  (AR 11.)

3    At step three, the ALJ found that Plaintiff does not have an impairment or combination

4  of impairments that meets or medically equals one of the listed impairments.  (AR 12.)

5    The ALJ found that Plaintiff has the RFC to perform medium work "except she can

6  only occasionally engage in overhead reaching, occasionally balance, occasionally stoop,

7  and occasionally climb but can never climb ladders."  (AR 12.)  In determining this RFC, the

8  ALJ also made an adverse credibility determination.  (AR 12.)

9    At step four, the ALJ determined that Plaintiff could perform her past relevant work as

10  a home attendant and nurse assistant.  (AR 14.)  The ALJ therefore concluded that Plaintiff

11  is not disabled.  (AR 14.)

12                                      **DISCUSSION**

13  **I.    The ALJ Improperly Evaluated Dr. Ross's Opinion**

14    Plaintiff argues that the ALJ did not accurately evaluate the opinion of Dr. Ross

15  because the ALJ did not include all the functional limitations assessed by Dr. Ross in

16  Plaintiff's RFC and did not provide any reasons for rejecting any aspect of Dr. Ross's

17  opinion.  The Court agrees.

18         **A.    Relevant Law**

19    In evaluating medical opinions, the case law and regulations distinguish among the

20  opinions of three types of physicians:  (1) those who treat the claimant (treating physicians);

21  (2) those who examine but do not treat the claimant (examining physicians); and (3) those

22  who neither examine nor treat the claimant (non-examining, or consulting, physicians).  See

23  20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).

24  In general, an ALJ must accord special weight to a treating physician's opinion because a

25  treating physician "is employed to cure and has a greater opportunity to know and observe

26  the patient as an individual."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)

27  (citation omitted).  If a treating source's opinion on the issues of the nature and severity of a

28

claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight."  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons.  Lester, 81 F.3d at 830.  However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings.  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632.  Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons.  Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it.  Id.  However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.    Analysis**

Dr. Ross performed a consultative orthopedic examination of Plaintiff on January 28, 2009.  (AR 258-63.)  He assessed Plaintiff with status post right shoulder arthroscopy, status post left shoulder open rotator cuff repair, and lumbar strain.  (AR 260.)  He opined that

[Plaintiff] should not be required to lift and/or carry more than 50 pounds on an occasional basis, nor lift and/or carry more than 25 pounds on a frequent basis. Such lifting should be below the level of her shoulder.  She should also be precluded from repetitive overhead reaching with both upper extremities. Below shoulder reaching and fine/gross manipulatory activities are, however, unrestricted.  There is no sitting, standing, walking, or lower extremity functional limitation.  There is no requirement for use of any form of hand-held ambulatory assistive device or orthosis.

(AR 261.)

The ALJ stated that he gave "great weight" to Dr. Ross's opinion, "as it was given after a thorough examination, is in an area of his expertise, and is consistent with the medical evidence."  (AR 13.)  However, the ALJ did not include in his assessment of Plaintiff's RFC Dr. Ross's opinion that Plaintiff should lift only below shoulder level; nor did he provide any reasons for discounting any portion of Dr. Ross's opinion.  (See AR 12-14.)  The Commissioner attempts to justify this oversight by pointing out that the ALJ found that Plaintiff was limited to only occasional overhead reaching.  (JS 5.)  But lifting and reaching are not the same.  As used in the Dictionary of Occupational Titles ("DICOT"), "lifting" means "[r]aising or lowering an object from one level to another."  Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO), Appendix C (1993).  "Reaching" means "[e]xtending hand(s) and arm(s) in any direction."  Id.  Thus, it is possible to perform lifting without reaching, and the ALJ's finding that Plaintiff is limited to only occasional overhead reaching does not necessarily address her inability to lift above shoulder level.

The Court cannot conclude that the ALJ's error was harmless.  As Plaintiff argues in the second disputed issue (JS 5-10), the occupations identified by the ALJ at step four may entail lifting above the shoulder.  See DICOT §§ 354.377-014 (home attendant), 355.674-014 (nurse assistant).  Because the ALJ did not ask the vocational expert whether these jobs

could be performed by a person who could not lift above shoulder level (see AR 69), there is no evidence in the record that Plaintiff could perform her past relevant work if she has all the limitations assessed by Dr. Ross.  Accordingly, remand is warranted for the ALJ to evaluate properly Dr. Ross's opinion.

**II.     The ALJ Properly Discounted Plaintiff's Credibility**

Plaintiff argues that the ALJ failed to provide legally sufficient reasons for discounting the credibility of her subjective complaints.  The Court disagrees.

**A.     Relevant Law**

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged.  Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 & n.2.  The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence.  Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345.  If the ALJ finds the claimant's symptom testimony not credible, the ALJ "must specifically make findings which support this conclusion."  Bunnell, 947 F.2d at 345.  These findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony."  Thomas, 278 F.3d at 958; see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46.  Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering "specific, clear and convincing reasons for doing so."  Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722.  The ALJ must identify what testimony is not credible and what evidence discredits the testimony.  Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

### B.    Analysis

In this case, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above [RFC] assessment." (AR 12.)  Because the ALJ did not find that Plaintiff was malingering, he was required to provide clear and convincing reasons for discounting her credibility.  The ALJ did so.

First, the ALJ found that the objective medical evidence does not support Plaintiff's allegations.  (AR 13.)  An ALJ may consider whether there is a lack of medical evidence to corroborate a claimant's symptoms as long as it is not the only reason for discounting a claimant's credibility.  Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005).  Here, the ALJ noted that MRI studies of Plaintiff's spine revealed only mild abnormalities (AR 13 (citing AR 290-91)) and that Dr. Ross found only minimal limitations and symptoms upon examination.  (AR 13 (citing AR 258-62).)  Indeed, after reviewing Plaintiff's records and performing the examination, Dr. Ross concluded that Plaintiff had "long ago reached a treatment plateau" and "only litigation issues appear to have precluded her return to the labor force."  (AR 261.)

The ALJ also found that Plaintiff had not sought treatment commensurate with her claim of disabling symptoms.  (AR 13.)  A finding that a claimant has undergone only conservative treatment is a proper basis for discounting credibility.  Parra, 481 F.3d at 750-51.  Here, the ALJ found, among other things, that Plaintiff had never "undergone a consistent course of treatment" for her back despite her allegations of severe back pain.  (AR 13.)  The record supports the ALJ's assertion.  Although Plaintiff has had numerous imaging studies of her spine, she does not seem to have received any consistent treatment for her back.  Indeed, even if there were evidence that Plaintiff received the three epidural injections she reported to Dr. Ross (AR 13, 261), the ALJ would be entitled to consider her course of treatment for her back pain to be conservative.

1    Plaintiff does not specifically discuss, rebut or even respond to any of the ALJ's

2    reasons for discounting Plaintiff's credibility or the evidence supporting those reasons.

3    Instead, Plaintiff offers only conclusory arguments that the ALJ failed to support his adverse

4    credibility determination.  (JS 12-14.)  These unsupported arguments are plainly meritless.

5    The ALJ properly discounted Plaintiff's credibility for clear and convincing reasons

6    based on substantial evidence.

7                                        **ORDER**

8    IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is

9    REVERSED and REMANDED for further proceedings in accordance with this Memorandum

10   Opinion and Order and with law.

11   LET JUDGMENT BE ENTERED ACCORDINGLY.

12

13   DATED: June 21, 2012                    _____*/s/ John E. McDermott*_____
                                                   JOHN E. MCDERMOTT
14                                          UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28